**Christina Stephenson, OSB No. 102287**
christina@stephensonlawpdx.com
**Alina Salo, OSB No. 164746**
alina@stephensonlawpdx.com
**STEPHENSON LAW, LLC**
2501 SW First Ave., Suite 230
Portland, OR 97201
Phone: (503) 610-9225
Fax: (503) 512-5022

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NATALIE HARRINGTON**, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES** |
| **GEORGE FOX UNIVERSITY**, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Natalie Harrington, by and through undersigned counsel, makes the following complaint against her former employer, Defendant George Fox University, alleging as follows:

///

///

///

## NATURE OF THE ACTION

1.

Ms. Harrington brings this action for monetary relief, damages, costs, punitive damages and attorney's fees for herself to redress injuries done to her by Defendant George Fox University (hereafter "George Fox" or "Defendant") and officers, employees or agents of George Fox in contravention of her rights under 42 U.S.C. §§ 2000e-2 & 2(a), 20 U.S.C. § 1681(a), and 29 U.S.C. § 206(d)(1), and her state protected rights under Oregon Revised Statutes 659A.030.

## JURISDICTIONAL ALLEGATIONS

2.

This Court has jurisdiction over Ms. Harrington's federal claims under 28 U.S.C. §§ 2201 and 2202 pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. §§ 2000e-2 & 2(a), 20 U.S.C. § 1681(a), and 29 U.S.C. § 206(d)(1). This Court also has supplemental jurisdiction over Ms. Harrington's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Ms. Harrington's claims arose in this judicial district.

///

///

STEPHENSON LAW, LLC
2501 SW FIRST AVE, SUITE 230
PORTLAND, OR 97201

4.

Ms. Harrington filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein. Ms. Harrington's administrative matters have closed and she has been issued a notice of right to sue. Ms. Harrington has therefore exhausted administrative procedures.

## FACTUAL ALLEGATIONS

5.

Natalie Harrington is a resident of Washington County, Oregon. She is a woman.

6.

George Fox receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

7.

At all material times, Ms. Harrington was supervised by George Fox employees or agents and Ms. Harrington relied on the actual or apparent authority of the George Fox's employees, supervisors and management.

8.

In or around August 2013, Ms. Harrington was hired as the inaugural head coach for George Fox's women's lacrosse team. Prior to Ms. Harrington's hiring, she was a highly accoladed collegiate athlete in women's lacrosse for four years in a program in the highest college sports division, Division I of the NCAA ("D-I"). Upon

her hiring with George Fox, Ms. Harrington was hired as a part-time employee, earning $20,000 per year. At the time of her hiring, though there were no athletes on Ms. Harrington's lacrosse team, she was told that her team needed to "compete" when the season started in three months.

9.

In or around August 2013, George Fox hired a male head coach for its women's soccer team, and this male coach had no prior head coaching experience and additionally had no experience as a Division I collegiate athlete.

10.

Upon information and belief, all collegiate teams at George Fox are in the Division III of the NCAA ("D-III") and all sporting events at George Fox do not charge admission fees. As such, no one collegiate team earns George Fox more revenue than any other team.

11.

Despite having no players three months prior to the start of the season, Ms. Harrington's team exceeded expectations in its first season, beating several established lacrosse teams and posting a .500 record. In or around May 2014, after Ms. Harrington's first season concluded, she approached George Fox's Athletic Director, Craig Taylor, and requested a promotion to full-time. Though Ms. Harrington's first full-time request was not granted, Ms. Harrington was granted a raise of $1,000 per year or about $35.71 per week instead.

///

12.

Ms. Harrington's second season continued to exceed expectations, posting a winning record. In or around May 2015, after Ms. Harrington's second season concluded, she again approached Mr. Taylor and requested a promotion to full-time. Though Mr. Taylor indicated he was "trying," Ms. Harrington's request was ultimately not granted.

13.

Upon information and belief, in or around May 2015 after the conclusion of George Fox's women's soccer season, its male head coach who was hired around the same time as Ms. Harrington was promoted to full-time. Unlike Ms. Harrington, this male coach had failed to post a winning record in *any* of his seasons.

14.

In or around May 2016, after Ms. Harrington's third season concluded, she again approached Mr. Taylor and again requested a promotion to full-time. As Ms. Harrington's team had won its first conference championship and the team was thriving, Ms. Harrington felt she had done everything she could to prove her value as a coach. However, upon information and belief, shortly thereafter Mr. Taylor submitted a request for Ms. Harrington to be promoted to full-time, which George Fox denied. Around this time, Ms. Harrington took on the additional responsibilities of George Fox's intramural programs to become the "Director of Intramurals" for an additional $6,000 salary per year.

///

15.

In or around May 2017, after Ms. Harrington's fourth season concluded, she again approached Mr. Taylor and requested a promotion to full-time. She pointed out that her team was flourishing under her – earning another conference championship, going 12-2 for the season and even beating highly regarded east coast lacrosse teams – and she wondered what more she could do to "prove" her value. The response, Ms. Harrington was dejected to learn, again, that she was not going to be granted full-time status.

16.

On or around April 25, 2017, Ms. Harrington was forced to resign from her position at George Fox, since she could no longer endure the unfair and unequal treatment she had been receiving. At that time, Ms. Harrington was working two additional jobs to support herself, spending 50-60 hours per week working her "part-time" position with George Fox, and she had just learned from Mr. Taylor that for the third year in a row, she was going to be denied full-time status while similarly situated male coaches, one who had never posted a winning record, let alone won two championships, were promoted and treated more favorably.

17.

On or around May 17, 2017, Ms. Harrington was called by Brad Lau, George Fox's Vice President for Student Life & Title IX Coordinator, and asked why she had resigned from her position. At that time, Ms. Harrington explained to Mr. Lau that George Fox had a significant problem in that it pays and promotes less experienced

and less successful male coaches over more experienced and more successful female coaches. Mr. Lau then assured (and admitted) to Ms. Harrington that the reason she wasn't promoted to full-time wasn't because of her experience level or team record, but rather, because George Fox lacked any sort of strategy for determining who will, and who will not, be promoted to full-time in George Fox athletics programs. This "lack of strategy" led to a *de facto* policy of George Fox completely ignoring the qualifications of those it promoted and disproportionately favored male candidates. Hopeful that their conversation meant George Fox intended to remedy the discrimination, Ms. Harrington stated that she would return to George Fox, if given full-time status. Mr. Lau demurred and stated George Fox wouldn't do that.

18.

In or around June 2017 only a few weeks after Ms. Harrington's phone call with Mr. Lau, George Fox began advertising for hiring a **full-time** women's lacrosse coach.

## First Claim for Relief
**Sex Discrimination Title VII – 42 U.S.C. §§ 2000e-2(a)**

19.

Ms. Harrington re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

20.

George Fox is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

21.

George Fox discriminated against Ms. Harrington in substantial or motivating part because of her sex in one or more of the following ways: failing to promote Ms. Harrington, paying her less for equal work, requiring her to work more hours, and/or denying Ms. Harrington the assistance of full-time assistant coaches.

22.

George Fox's acts as described herein were done with malice or with reckless indifference to the federally protected rights of Ms. Harrington and/or were in reckless disregard of George Fox's societal obligations, and committed with conscious indifference to the health and safety of Ms. Harrington.

23.

As a result of George Fox's conduct, Ms. Harrington suffered lost wages and benefits in an amount to be determined at trial.

24.

As a further result of George Fox's unlawful employment practice alleged herein, Ms. Harrington has suffered noneconomic damages in an amount to be determined by a jury based on the evidence presented at trial.

25.

Ms. Harrington is entitled to reinstatement rights, but if reinstatement of Ms. Harrington is not feasible, Ms. Harrington is entitled to recover damages for future lost wages and benefits of employment, and lost earning capacity.

///

26.

Ms. Harrington is entitled to an order declaring George Fox in violation of the statutory rights of Ms. Harrington as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause George Fox to stop its violations of law and disregard of the statutory and constitutional rights of its employees.

27.

Ms. Harrington is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k).

## Second Claim for Relief
### Sex Discrimination – ORS 659A.030(1)(b)

28.

Ms. Harrington re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

29.

Pursuant to ORS 659A.030(1)(b), it is an unlawful employment practice for an employer to discriminate against an individual because of their sex. George Fox treated Ms. Harrington adversely with respect to compensation or other terms, conditions, or privileges of employment including but not limited to failing to promote Ms. Harrington, and/or denying Ms. Harrington full-time assistant coaches.

///

///

30.

As a direct and proximate result of George Fox's conduct, Ms. Harrington has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

31.

As a direct and proximate result of George Fox's conduct, Ms. Harrington suffered economic loss in a sum to be proven at trial.

32.

Pursuant to ORS 20.107 and ORS 659A.885, Ms. Harrington is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.

33.

Ms. Harrington also seeks equitable relief including an injunction enjoining George Fox from engaging in any employment practice which discriminates on the bases as alleged in this Complaint.

### Third Claim for Relief
### Title IX, 20 U.S.C. § 1681(a) – Sex Discrimination

34.

Ms. Harrington re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

///

///

35.

By the acts and omissions described above, Defendant George Fox discriminated against Ms. Harrington on the basis of sex in violation of Title IX when it: denied her promotion requests and/or failed to even consider for her promotions, and constructively discharged her, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

36.

George Fox's acts and omissions were clearly unreasonable in light of known circumstances.

37.

As a result of George Fox's unlawful acts, Ms. Harrington has lost income and benefits, has incurred consequential damages, and continues to suffer a long-term reduction in earning capacity. These damages are continuing to accrue.

38.

As a result of George Fox's unlawful acts, Ms. Harrington has suffered emotional distress including anxiety and loss of enjoyment of life. These damages are continuing and Ms. Harrington is entitled to compensation in an amount to be determined by the jury at the time of trial.

39.

Ms. Harrington is entitled to reasonable costs and attorney fees incurred in pursuing this action.

///

11 | Complaint

## Fourth Claim for Relief
**Equal Pay Act of 1963 – 29 U.S.C. § 206(d)(1)**

40.

Ms. Harrington re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

41.

George Fox is an employer subject to the Equal Pay Act, 29 U.S.C. § 206(d).

42.

George Fox discriminated against Ms. Harrington by compensating her less than it pays men who hold the same job of head coach.

43.

George Fox's sex discrimination as willful.

44.

The difference in pay is not based on seniority, merit, quality or quantity of production, or any factor other than sex.

45.

As a result of George Fox's discriminatory practices, Ms. Harrington is entitled to her lost salary and benefits and an additional equal amount as liquidated damages. Ms. Harrington is further entitled to equitable relief of payment of her reasonable attorney fees and costs.

///

///

## JURY TRIAL DEMAND

Ms. Harrington demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Natalie Harrington requests the following judgments and relief according to proof:

1. Economic damages;
2. Non-economic damages;
3. Reasonable costs and attorney's fees per statute;
4. Equitable relief including a permanent injunction enjoining George Fox from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;
5. For prejudgment and post-judgment interest as appropriate and allowed by law;
6. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;
7. Punitive damages; and
8. All such other relief as this Court may deem proper.

///

///

///

Date: May 15, 2018.                    **STEPHENSON LAW, LLC**

                                        s/ Christina Stephenson
                                        Christina Stephenson, OSB No. 102287
                                        christina@stephensonlawpdx.com
                                        Alina Salo, OSB No. 164746
                                        alina@stephensonlawpdx.com